IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **CLIFTON REESE,**<br><br>Plaintiff,<br><br>vs.<br><br>**TYSON FOODS, INC.,**<br><br>Defendant. | Case No. 3:21-cv-05087-RK |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Tyson Foods, Inc. ("Tyson") offers the following in support of its motion to dismiss Plaintiff's Petition for Injunctive and Declaratory Relief ("Petition") (Doc. 1-1).

**TABLE OF CONTENTS**

PAGE

I. INTRODUCTION ........................................................................................................... 1

II. PLAINTIFF'S FACTUAL ALLEGATIONS .................................................................. 1

III. ARGUMENT ................................................................................................................... 3

    A. RULE 12(b)(6) LEGAL STANDARD ................................................................ 3

    B. PLAINTIFF HAS FAILED TO STATE PLAUSIBLE CLAIMS FOR RELIEF ................................................................................................................... 4

        1. Plaintiff Failed to Exhaust Administrative Remedies Under the MHRA. ...................................................................................................... 4

        2. Plaintiff Fails to State a Claim for Religious Discrimination. ................... 5

        3. Count I (Violation of Public Policy) Fails to Allege Facts to State a Plausible Claim Upon Which Relief Can Be Granted. .............................. 6

        4. Counts II through IV Are Preempted by the MHRA. ................................ 7

        5. Counts II through IV Fail to State Claims Upon Which Relief Can Be Granted. .................................................................................................. 8

IV. CONCLUSION .............................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ansonia Bd. of Educ. v. Philbrook*,
    479 U.S. 60 (1986) ............................................................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................................3, 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................................2, 3

*Bruff v. Northern Mississippi Health Services, Inc.*,
    244 F.3d 495 (5th Cir. 2001) ............................................................................................6

*Brunckhorst v. City of Oak Park Heights*,
    914 F.3d 1177 (8th Cir. 2019) ..........................................................................................5

*Childs v. Williams*,
    825 S.W.2d 4, 9 (Mo. Ct. App. 1992) .......................................................................10, 11

*State ex rel. Church & Dwight Co. v. Collins*,
    543 S.W.3d 22 (Mo. 2018) ...............................................................................................8

*Crader v. Wal-Mart Stores, Inc.*,
    No. 1:10CV176 SNLJ, 2010 WL 4930978 (E.D. Mo. Nov. 30, 2010) ..........................11

*Denn v. CSL Plasma, Inc.*,
    816 F.3d 1027 (8th Cir. 2016) ..........................................................................................6

*Dumonceuax v. TIN, Inc.*,
    No. 4:12CV1014 CDP, 2012 WL 3045675 (E.D. Mo. July 25, 2012) ......................9, 10

*El-Scari v. Comprehensive Mental Health Servs.*,
    No. 4:19-00179, 2019 WL 5386489 (W.D. Mo. Oct. 21, 2019) ...................................4, 5

*Freitas v. Wells Fargo Home Mortg., Inc.*,
    703 F.3d 436 (8th Cir. 2013) .......................................................................................1, 4

*G.E.C. by & through M.C.L. v. N. Kansas City Sch. Dist. No. 74*,
    No. 18-00111-CV-W-ODS, 2018 WL 3078766 (W.D. Mo. June 21, 2018) ....................8

*Gregory v. Dillard's, Inc.*,
    565 F.3d 464 (8th Cir. 2009) ............................................................................................4

*Griffin v. Walgreen Co.*,
    No. 4:09CV1724 DDN, 2010 WL 1049619 (E.D. Mo. Mar. 18, 2010) ................................... 9

*Huskey v. Petsmart*,
    No. 18-00813-CV-W-NKL, 2019 WL 122873 (W.D. Mo. Jan. 7, 2019) ............................... 7

*Jones v. TEK Indus., Inc.*,
    319 F.3d 355 (8th Cir. 2003) ............................................................................................... 5

*McNeil v. Best Buy Co.*,
    No. 4:13CV1742 JCH, 2014 WL 1316935 (E.D. Mo. Apr. 2, 2014) .................................. 10

*Patton v. Missouri Farm Bureau Servs., Inc.*
    No. 2:20-CV-04236-NKL, 2021 WL 4847990 (W.D. Mo. Oct. 18, 2021) ........................... 4

*Roe v. St. Louis Univ.*,
    746 F.3d 874 (8th Cir. 2014) ............................................................................................... 9

*St. Anthony's Medical Center v. H.S.H*,
    974 S.W.2d 606 (Mo. App. E.D. 1998) .............................................................................. 11

*Tart v. Hill Behan Lumber Co.*,
    31 F.3d 668 (8th Cir. 1994) ................................................................................................. 4

*Thomas v. Corwin*,
    483 F.3d 516 (8th Cir. 2007) ............................................................................................... 6

*Tumey v. Mycroft AI Inc.*,
    No. 4:21-00113-CV-RK, 2021 WL 4806734 (W.D. Mo. Oct. 14, 2021) ............................. 9

*Williams v. KCMO Broadcasting Division Meredith Corp.*,
    472 S.W.2d 1 (Mo. Ct. App. 1971) .................................................................................... 11

*Young v. City of St. Charles, Mo.*,
    244 F.3d 623 (8th Cir. 2001) ............................................................................................... 3

**Statutes**

Mo. Rev. Stat. § 213.070.2 ........................................................................................................ 1, 6, 7

Mo. Rev. Stat. § 213.075.1 ........................................................................................................... 4, 6

Mo. Rev. Stat. § 213.111.1 ........................................................................................................... 4, 6

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ...................................................................................................................... 3

Fed R. Civ. P. 12(b)(6) ......................................................................................................... 1, 3, 4, 11

## I. INTRODUCTION

Plaintiff's Petition asserts claims under Missouri law for "violation of public policy"[1] (Count I), assault (Count II), breach of contract (Count III), invasion of privacy (Count IV), and religious discrimination (Count V). However, despite his Petition's 44 pages and 190 paragraphs, Plaintiff fails to state a claim upon which relief can be granted as to any of his five counts. Namely:

- As to Counts I and V (retaliation and religious discrimination), Plaintiff's Petition fails entirely to allege exhaustion of administrative remedies. In fact, Plaintiff acknowledges he has not yet done so. Plaintiff cannot pursue Missouri Human Rights Act ("MHRA") claims without first exhausting administrative remedies. And, in any event, Plaintiff's allegations of retaliation and discrimination are insufficient under Missouri law.

- The remaining counts (Counts II through IV) are preempted by the MHRA, which provides "the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Mo. Rev. Stat. § 213.070.2.

- Even without considering the MHRA's exclusive remedy provision, Counts II through IV nevertheless fail for lack of sufficient pleading.

As set forth below, the Court should dismiss Plaintiff's Petition in its entirety for those reasons.

## II. PLAINTIFF'S FACTUAL ALLEGATIONS

As required for a Rule 12(b)(6) motion, "accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party," *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438 (8th Cir. 2013), Plaintiff's Petition essentially asserts the following factual allegations related to his employment and his causes of action:

Plaintiff is a Christian and has worked for Tyson for several years, holding the position of Senior Live Production Manager in Monett, Missouri. Petition, ¶¶ 7, 18–19, 42. With respect to working during the pandemic, Plaintiff alleges he has complied with COVID-19 protocols, including masking, social distancing, temperature checks, and, when required, testing. *Id.* at ¶ 21.

---

[1] While unclear, it would appear Plaintiff's "violation of public policy" claim is a claim for retaliation, which would be governed by the Missouri Human Rights Act ("MHRA").

1

He also alleges he has not had any "COVID issues" during his employment. *Id.* at ¶ 22.

On or about August 3, 2021, Tyson announced a policy requiring employees to receive vaccination against COVID-19 as a condition of employment (the "Policy"). Petition, ¶ 52, Ex. A. For plant-based employees like Plaintiff, the Policy requires full vaccination by November 1, 2021. *Id.* However, the Policy allows employees to request an accommodation from the vaccination requirement for disability or religious reasons. *Id.* at ¶ 53, Ex, A. Tyson "offered those who applied for an accommodation up to one year of unpaid leave of absence or until they received the vaccine." *Id.* at ¶ 127. Plaintiff alleges those employees "would be effectively terminated from their position" at Tyson after one year. *Id.*

After the Policy announcement, Plaintiff sought a religious accommodation. Petition, ¶ 182, Ex. C. Plaintiff alleges the COVID-19 vaccines violate his religious beliefs because "all COVID-19 vaccines have been made use [sic] either in production or testing of fetal cell lines developed from tissues originally derived from aborted fetuses." *Id.* at ¶ 131. "Plaintiff objects to receiving the COVID-19 vaccines on the basis that, even assuming the vaccines do confer a meaningful health benefit, that benefit is one from ill-gotten gains." *Id.* at ¶ 135. "Plaintiff believes any benefit the COVID-19 vaccines may confer, flows from the unjust exploitation of unborn human life. On this basis alone, Plaintiff refuses on religious grounds to accept or be forced to accept the COVID-19 vaccines." *Id.* at ¶ 136.

Tyson approved Plaintiff's request for accommodation, and Plaintiff began an unpaid leave of absence effective November 2, 2021. Petition, Ex. C. Plaintiff claims other Tyson employees discouraged him from seeking a religious accommodation and encouraged vaccination." *Id.* at ¶¶ 31 & 41. Additionally, Plaintiff claims an HR Manager shared his unidentified "confidential medical health" information with "unauthorized third parties," apparently on or about September

7, 2021. *Id*. at ¶¶ 24, 26, & 163. Tyson posted Plaintiff's position on the same day. *Id*. at ¶ 32

On or about September 26, 2021, Plaintiff filed a complaint with the MCHR. Petition, ¶ 36. Thereafter, Plaintiff claims the HR Manager asked him about the complaint. *Id.* at ¶ 37. He claims he was "treated unfriendly" before filing with the MCHR and "harshly" after it. *Id.* at ¶ 38.[2]

### III.   ARGUMENT

**A.   RULE 12(b)(6) LEGAL STANDARD**

A pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate if a pleading "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) dismissal "serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

Federal pleading standards demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

---

[2] The remainder of Plaintiff's Petition is an amalgam of conclusory, speculative, and simply wrong allegations on COVID-19, its risks, the science of vaccines and their approval, immunology, and Plaintiff's opinions.

A complaint may survive dismissal under Rule 12(b)(6) only if it has "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim satisfies that plausibility standard only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . rather than facts that are merely consistent with such a right." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 679.

When ruling on a Rule 12(b)(6) motion, the court must "accept[] as true all factual allegations in the complaint and draw[] all reasonable inferences in favor of the nonmoving party." *Freitas*, 703 F.3d at 438.

**B.  PLAINTIFF HAS FAILED TO STATE PLAUSIBLE CLAIMS FOR RELIEF**

    **1.  Plaintiff Failed to Exhaust Administrative Remedies Under the MHRA.**

As a prerequisite to filing suit, the MHRA requires exhaustion of administrative remedies by filing a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and obtaining a notice of right to sue. Mo. Rev. Stat. §§ 213.075.1 & 213.111.1; *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994); *see also El-Scari v. Comprehensive Mental Health Servs.*, No. 4:19-00179, 2019 WL 5386489, at *4 (W.D. Mo. Oct. 21, 2019) (dismissing plaintiff's MHRA claims without a right-to-sue letter). Exhaustion can be raised on a Rule 12(b)(6) motion if it is "apparent on the face of the complaint." *Patton v. Missouri Farm Bureau Servs., Inc.* No. 2:20-CV-04236-NKL, 2021 WL 4847990, at *3-4 (W.D. Mo. Oct. 18, 2021). Here, Plaintiff alleges he filed an MCHR charge, Petition, ¶¶ 36, 143, but does not allege receiving his right to sue. *See generally* Petition. In fact, Plaintiff admits the MCHR has not completed its investigation

of his charge, and therefore, admits he has not yet exhausted his administrative remedies with the MCHR. Petition, ¶ 144. Accordingly, just as this Court did in the *El-Scari* case, the Court should dismiss Count V of the Petition.

### 2. Plaintiff Fails to State a Claim for Religious Discrimination.

Beyond administrative exhaustion, Count V remains subject to dismissal. To state a prima facie case of religious discrimination, an employee must allege he (1) has a bona fide religious belief that conflicts with an employment requirement, (2) informed the employer of this belief, and (3) was disciplined for failing to comply with the conflicting requirement. *Jones v. TEK Indus., Inc.*, 319 F.3d 355, 359 (8th Cir. 2003). Here, Plaintiff's threadbare allegations are insufficient to state a claim. His Petition merely alleges he is Christian and objects to COVID-19 vaccination because the vaccines made use at some phase of "fetal cell lines developed from tissues originally derived from aborted fetuses." However, Plaintiff's Petition fails to allege how his Christian faith conflicts with the Policy's vaccination requirement or, more generally, how or whether his faith conflicts with the use of medicines or treatment in which fetal cell lines played a role in development. Additionally, and significantly, the Petition fails to allege Plaintiff suffered disciplinary action of any sort for failing to comply with the Policy. Instead, again, Plaintiff's Petition merely concludes as much. Such conclusions are insufficient to state a claim for religious discrimination. Plaintiff has not pleaded a *prima facie* case.

Moreover, Plaintiff's religious discrimination claim boils down to no more than his disagreement with the reasonable accommodations offered and him favoring other alternatives. Plaintiff's personal preference cannot provide foundation for a religious discrimination claim. *See Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60 (1986) ("[A]ny reasonable accommodation by the employer is sufficient to meet its accommodation obligation."); *see also Brunckhorst v. City of Oak Park Heights*, 914 F.3d 1177, 1183 (8th Cir. 2019) ("[A]n employer is not required to

accommodate an employee based on the employee's preference."). That is particularly so where Plaintiff acknowledges Tyson did offer accommodations. *See Bruff v. Northern Mississippi Health Services, Inc.*, 244 F.3d 495, 499, 501 (5th Cir. 2001) (employer reasonably accommodated an employee's religious beliefs with unpaid leave and with HR working to find her a position "where the likelihood of encountering further conflicts with her religious beliefs would be reduced").

### 3. Count I (Violation of Public Policy) Fails to Allege Facts to State a Plausible Claim Upon Which Relief Can Be Granted.

Plaintiff's Count I vaguely claims a "violation of public policy," apparently founded on his pursuit of a charge with the MCHR. Petition, ¶¶ 143-149. However, no such claim exists in Missouri law, with causes of action limited to those under the MHRA. *See* Mo. Rev. Stat. §§ 213.070.2 (the MHRA provides "the exclusive remedy for any and all claims for injury or damages arising out of an employment relationship") & 213.111.1 (right of civil action based on any "unlawful discriminatory practice" under § 213.055, provided the "person aggrieved" has exhausted administrative remedies). And, to the extent Plaintiff's claim is construed as one for retaliation, as discussed in Part B.2 *supra*, it is not properly before the Court because he has not exhausted it as required. *See* Mo. Rev. Stat. § 213.075.1 (an MCHR charge is a "jurisdictional condition precedent to filing a civil action" under the MHRA). Indeed, Plaintiff has not filed a charge of discrimination alleging retaliation.

Notwithstanding, any retaliation claim is subject to dismissal for failure to establish "a causal relationship . . . between the complaint and the adverse action." *Denn v. CSL Plasma, Inc.*, 816 F.3d 1027, 1036 (8th Cir. 2016). In general, more than a temporal connection between protected activity and adverse employment action is required to show causation. *Denn,* 816 F.3d at 1036; *Thomas v. Corwin,* 483 F.3d 516, 531 (8th Cir. 2007). Plaintiff cannot show causation or retaliatory motive because Tyson's offered accommodation had nothing to do with Plaintiff filing

6

a charge. Indeed, placing Plaintiff on an unpaid leave of absence was the accommodation for his religious accommodation request, which Tyson communicated to Plaintiff *before* he filed his charge of discrimination. *See* Petition, ¶¶ 23, 36. Absent a causal link justifying an inference of a "retaliatory motive," Plaintiff has no retaliation claim under the MHRA and the Court should dismiss Count I.

### 4. Counts II through IV Are Preempted by the MHRA.

The Missouri Legislature has made clear that the MHRA serves as the "exclusive remedy for any and all claims for injury or damages arising out of an employment relationship." Mo. Rev. Stat. § 213.070.2. Plaintiff's allegations make clear that Counts II through Count IV arise out of Plaintiff's employment relationship with Tyson. In particular:

- Count II alleges assault "by way of imposing the COVID-19 vaccine mandate upon him, under penalty of being terminated from his employment." Petition, ¶ 153.

- Count III alleges breach of an unidentified contract by "changing Plaintiff's employment status with Defendant and depriving Plaintiff of earned salary, bonus, and benefits" and "harassing and shaming the Plaintiff for his religious beliefs." Petition, ¶ 160(c) and (e).

- Count IV alleges Tyson disclosed Plaintiff's "private and confidential medical information regarding the COVID vaccination." Petition, ¶ 163.

Even had the legislature not expressly stated the MHRA is the exclusive remedy, the MHRA nevertheless supersedes and displaces Counts II through IV. Application of MHRA preemption also turns on whether Plaintiff has alleged similar "injury or damages." *Huskey v. Petsmart*, No. 18-00813-CV-W-NKL, 2019 WL 122873, at *4 (W.D. Mo. Jan. 7, 2019). Here, Plaintiff alleges identical injuries and seeks identical damages through his MHRA claim and his other claims. *See* Petition, Counts II-V, "WHEREFORE" clauses.

In addition, Missouri courts have found common law claims preempted by the MHRA if the MHRA affords "additional remedies" unavailable for common law claims. Here, Plaintiff

cannot recover attorneys' fees on his assault, breach of contract, or invasion of privacy claims, but can recover attorneys' fees under the MHRA. *See State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22, 28 (Mo. 2018) ("[B]y providing for attorney's fees, the MHRA provides plaintiffs with an additional remedy unavailable at common law. Because the MHRA fully provides for all remedies available at common law, [plaintiff's] common law claims . . . are fully encompassed and comprehended by the MHRA").

Accordingly, Counts II through IV are preempted by the MHRA because they arise out of his employment relationship with Tyson and Plaintiff alleges identical injuries and seeks identical damages for these claims.

### 5. Counts II through IV Fail to State Claims Upon Which Relief Can Be Granted.

The exclusive remedy provisions of the MHRA dispose of Plaintiff's Counts II through IV. However, even if the MHRA's exclusive remedy provisions did not apply, those counts remain defective and subject to dismissal.

**Assault (Count II).** Assault is defined as "any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril." *G.E.C. by & through M.C.L. v. N. Kansas City Sch. Dist. No. 74*, No. 18-00111-CV-W-ODS, 2018 WL 3078766, at *5 (W.D. Mo. June 21, 2018). Plaintiff alleges Tyson threatened "intentional harmful and offensive contact" through its Policy on COVID-19 vaccination. Petition, ¶ 153.

However, there are no plausible allegations of any "attempt to injure" by Tyson or circumstances that would create the "fear of imminent peril." Instead, Plaintiff alleges that, when informed about Tyson's Policy, he simply did not get the vaccine and does not plan to receive the vaccine. Petition, ¶ 155. He also does not allege any Tyson representative approached him with a

needle or threatened to inject him with the vaccine. *See generally* Petition. Furthermore, Plaintiff does not allege any "overt" or "hostile" demonstration or the "physical proximity and imminent danger required to allege assault under Missouri law." *See Griffin v. Walgreen Co.*, No. 4:09CV1724 DDN, 2010 WL 1049619, at *4 (E.D. Mo. Mar. 18, 2010) (the accused "must commit some overt act, that is, a hostile demonstration or intentional offer of bodily injury to another, coupled with the present ability to carry out the attempt if unprevented."); *Tumey v. Mycroft AI Inc.,* No. 4:21-00113-CV-RK, 2021 WL 4806734, at *13 (W.D. Mo. Oct. 14, 2021) (threatening emails or phone calls "do not rise to the level of physical proximity and imminent danger required to allege assault under Missouri law"). Because Plaintiff has not pled plausible facts to demonstrate Tyson "attempted to injure" Plaintiff, or created a "fear of imminent peril," Count II fails to state a claim upon which relief can be granted and should be dismissed.

**Breach of Contract (Count III).** The elements of breach of contract under Missouri law are (1) a contract, (2) the parties had rights and obligations under the contract, (3) breach, and (4) damages. *Roe v. St. Louis Univ.*, 746 F.3d 874, 885–86 (8th Cir. 2014) (citing *Kieffer v. Icaza*, 376 S.W.3d 653, 657 (Mo. 2012)). Plaintiff alleges he fully performed the requirements of his employment with Tyson, and sustained damages because of Tyson's breach of "the employment contract" with Plaintiff by requiring him to get the vaccine, depriving him of future compensation, disclosing his confidential medical information, and by harassing and shaming Plaintiff for his religious beliefs. Petition, ¶¶ 159-161.

However, Plaintiff has failed to plead (1) the existence of a contract or (2) a recognizable breach by Tyson, especially given Missouri is an "at-will employment law state." *Dumonceuax v. TIN, Inc.*, No. 4:12CV1014 CDP, 2012 WL 3045675, at *2 (E.D. Mo. July 25, 2012). In fact, "the only legally enforceable promise created out of at-will employment is the employer's promise,

whether express or implied, to pay the employee for the work performed by the employee." *Id.* Plaintiff is also required to plead the essential elements of a valid contract. *Id.* (citing *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. banc 1988)). Those elements include an offer, acceptance, and bargained for consideration, and any offer to modify an employee's at-will status must be clear and definite. *Id.* Accordingly, the Court should dismiss Count III because the Petition lacks any factual allegations on an employment relationship other than "at-will," or that Tyson has failed to pay him for work he performed.

**Count IV (Invasion of Privacy).** As an initial matter, Plaintiff's Petition, on its face, does not state a recognizable claim under Missouri law. However, to the extent Plaintiff's claim may be construed as a "public disclosure of private facts" tort claim, Count IV should still be dismissed.

To state a claim for public disclosure of private facts, Plaintiff must plead: (1) publication or publicity by the defendant, to a large number of persons; (2) the absence of a grant to the defendant of any waiver or privilege; (3) the disclosure of private matters in which the public has no legitimate concern; and (4) disclosure in such a way as to bring shame or humiliation to an individual of ordinary sensibilities. *McNeil v. Best Buy Co.*, No. 4:13CV1742 JCH, 2014 WL 1316935, at *3 (E.D. Mo. Apr. 2, 2014). Plaintiff contends Tyson circulated "confidential medical information" to "unauthorized third parties," including a report "on who was not vaccinated at the Monett complex." Petition, ¶¶ 25-26.

Under the first element, Missouri courts define "publication" to mean "communication to the public in general or to a large number of persons, as distinguished from one individual or a few." *St. Anthony's Medical Center v. H.S.H*, 974 S.W.2d 606, 610 (Mo. App. E.D. 1998). In *Childs v. Williams*, the court further explained the requirements of a publication:

> It is of no consequence that private facts are communicated, even to a large group of persons, if by that communication the private facts are not made public. The

> critical aspect of the publication requirement is *public* disclosure - communications that are available to the general public, communications that have a likelihood of becoming public knowledge.

825 S.W.2d 4, 9 (Mo. Ct. App.1992) (emphasis in original). Here, Plaintiff has not alleged there was a disclosure to the public, or that the disclosure had any likelihood of becoming public knowledge, and his claim should be dismissed on this element alone. *See Crader v. Wal-Mart Stores, Inc.*, No. 1:10CV176 SNLJ, 2010 WL 4930978, at *2 (E.D. Mo. Nov. 30, 2010) (dismissing plaintiff's public disclosure of private facts claim, in part, because plaintiff failed to allege a public disclosure).

Plaintiff fares no better under the fourth element, which requires Plaintiff plead that the public disclosure would bring "shame and humiliation to a person of ordinary sensibilities." In fact, Plaintiff has not pleaded any facts that demonstrate he was shamed or humiliated by the alleged disclosure by Tyson. Petition, ¶ 166. He also alleges no facts whatsoever that the disclosure of his vaccination status "would bring humiliation or shame to a person of ordinary sensibilities." *See generally* Petition. Indeed, the law "does not protect the overly sensitive and if a reasonable person would not be humiliated by the publicity, no recovery can be had." *Williams v. KCMO Broadcasting Division Meredith Corp.*, 472 S.W.2d 1, 3 (Mo. Ct. App. 1971). Accordingly, the Court should dismiss Count IV because the Petition lacks the required elements of an invasion of privacy claim.

## IV. CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's Petition in its entirety pursuant to Rule 12(b)(6) because it fails to state a claim upon which relief can be granted.

Respectfully submitted,

*/s/ Curtis R. Summers*
Curtis R. Summers, Bar No. 58352
Direct: 816.627.4427
E-Fax: 816.817.2696
csummers@littler.com
Dylan M. Long, Bar No. 68217
Direct: 816.627.4404
E-Fax: 816.817.5316
LITTLER MENDELSON P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106

ATTORNEYS FOR DEFENDANT

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2021, a true and correct copy of the above and foregoing was filed via the Court's CM/ECF system, which sent electronic notice to the following:

John L. Young
119 North Second St.
P.O. Box 158
Ozark, MO 65721
Phone: (417) 581-2411
Fax:     (417) 581-2447
Email: jyoung@ApplebyHealy.com

ATTORNEY FOR PLAINTIFF

*/s/ Curtis R. Summers*
Attorney for Defendant